LUPINSKI, Appellant, vs. FISCHER, Respondent.

*June 6—July 12, 1949.*

For the appellant there was a brief by *Treis & Corrigan,* attorneys, and *Alexander Lakes* of counsel, all of Milwaukee, and oral argument by *Mr. Lakes.*

For the respondent there was a brief by *Elmer A. Styne,* attorney, and *Shaw, Muskat & Paulsen* of counsel, and oral argument by *John F. Zimmermann,* all of Milwaukee.

FRITZ, J.   Upon the appeal, the circuit court rightly concluded that in view of the allegations in plaintiff's complaint

that the new promise upon which his action was based was made in writing, defendant's objection to testimony as to conversations and an oral promise should have been sustained. The allegations in the amended complaint cannot reasonably be construed to set forth more than one new promise; and the "new promise" referred to was a promise in writing which, it is alleged, was "clear, distinct, and irrevocable." However, even if the amended complaint could be regarded as having been amended so as to allege the making of an oral promise, there is no testimony by plaintiff of any express and unequivocal promise to pay the debt which was discharged in the bankruptcy proceedings.

Upon the civil court ultimately overruling defendant's objection to plaintiff. testifying to an *oral* promise, he was permitted to testify, that, in a conversation between him and defendant in the federal building at the time of the hearing which resulted in defendant's discharge in bankruptcy, the defendant "gave me to understand that there was nothing else he wanted to do but to clean up that old indebtedness." In respect to that conversation, defendant testified that the federal judge said, in announcing his decision granting the discharge: "You are *legally free* but *morally you are still obligated;*" and in a subsequent discussion on the same day the defendant said to the plaintiff: *"I am going to abide by the judge's decision. I am legally free but morally I am obligated."* When plaintiff's attorney asked defendant what he meant by that statement he answered: "Just what the judge said." Plaintiff's testimony as to the other conversations with defendant are similarly vague as to time and content. On the trial in the civil court, when plaintiff's attorney asked defendant "referring particularly to those statements in which you said you will pay the debt and that you will take care of him," defendant replied: "I didn't make such a statement after the bankruptcy." And thereupon the civil court judge said: "I don't believe there was any such statement by the witness, that

he said he would pay it.   It wasn't as conclusive as that."

Plaintiff's testimony states conclusions on his part as to his "impressions" and what he was "given to understand" and the effect upon him of the language of defendant.   But such testimony does not satisfy the rule that the evidence as to a new promise, made after a discharge in bankruptcy, must be "clear, distinct, and unequivocal" and that the promise must be "express" in form.

As stated in *Allen v. Ferguson,* 85 U. S. (18 Wall.) 1, 3, 21 L. Ed. 854:

"All the authorities agree in this, that the promise by which a discharged debt is revived must be clear, distinct, and unequivocal.   It may be an absolute or a conditional promise, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional. The rule is different in regard to the defense of the statute of limitations against a debt barred by the lapse of time.   In that case, acts or declarations recognizing the present existence of the debt have often been held to take a case out of the statute.   Not so in the class of cases we are considering. Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt.   Thus, partial payments do not operate as a new promise to pay the residue of the debt.   The payment of interest will not revive the liability to pay the principal, nor is the expression of an intention to pay the debt sufficient." See also 6 Am. Jur., Bankruptcy, p. 832, sec. 532; Anno. 75 A. L. R. 580.

*By the Court.*—Judgment affirmed.